JOHN F. MANNING *vs*. FIREMAN'S FUND AMERICAN
INSURANCE COMPANIES.

Middlesex. January 6, 1986. — March 6, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Insurance,* Motor vehicle insurance, Underinsured motorist, Con-
struction of policy.

A plaintiff who was seriously injured when the automobile he was driving
was struck by another automobile registered to the defendant's insured
was not entitled, under a standard Massachusetts automobile insurance
policy providing underinsured motorist coverage, to recover underin-
sured motorist benefits under the policy issued to the defendant's insured,
where the plaintiff had already recovered the limit of benefits available
under the bodily injury coverage provided by the defendant to its insured,
as well as under the plaintiff's own underinsured motorist coverage. [39-42]

CIVIL ACTION commenced in the Superior Court Department
on October 12, 1982.

The case was heard by *Edward M. Ginsburg,* J., sitting under
statutory authority, and was reported by him to the Appeals
Court. The Supreme Judicial Court granted a request for direct
review.

*Frederic N. Halstrom* for the plaintiff.

*Edward W. Waystack* for the defendant.

LYNCH, J. The issue presented in this case is whether, under
a standard Massachusetts automobile insurance policy providing
underinsured motorist coverage, an automobile accident victim
may recover underinsured motorist benefits under the tortfeasor's
policy, where the victim has already recovered the limit of benefits
available under the tortfeasor's bodily injury coverage, as well
as under the victim's own underinsured motorist coverage. In
October, 1982, the plaintiff, an accident victim, commenced this
action for declaratory relief pursuant to G. L. c. 231A, seeking
a favorable interpretation of the tortfeasor's policy. After the
parties submitted a statement of agreed facts, a judge in the

Superior Court reported the case to the Appeals Court, without decision, in accordance with Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and G. L. c. 231, § 111. This court granted the plaintiff's application for direct appellate review.

The parties are in agreement as to the following facts. In November, 1981, the plaintiff, John F. Manning, was seriously injured when the automobile he was driving was struck by another automobile registered to Conceptual Design Corp. (the tortfeasor). The tortfeasor's automobile was covered by a Massachusetts automobile insurance policy issued by the defendant, Fireman's Fund American Insurance Companies (Fireman's). In July, 1982, Fireman's paid Manning $100,000, the maximum benefits provided under the tortfeasor's "bodily injury to others" and "optional bodily injury to others" coverage. In addition, Manning's insurer, Peerless Insurance Company (Peerless), paid Manning $20,000, the maximum underinsured motorist benefit available under his policy. For purposes of this appeal the parties do not dispute Manning's claim that his damages exceeded the $120,000 he has collected to date from Fireman's and Peerless. Part 7 of the tortfeasor's Fireman's policy, "Bodily Injury Caused By An Underinsured Auto," however, also provides for a maximum of $100,000 in underinsured motorist benefits. Manning made a claim for this $100,000, and Fireman's denied liability. In doing so, Fireman's cited part 7, third par., item 3, of its policy, maintaining that the clause "[did] not apply to Mr. Manning under the facts of this accident." That clause provides in relevant part: "We will pay damages to or for: . . . 3. Anyone else for damages he or she is entitled to recover because of injury to a person covered under this Part." Manning contends that, as a victim who has exhausted his own underinsured motorist coverage, as well as the limits of the bodily injury coverage available under the tortfeasor's policy, he is entitled to benefits under the tortfeasor's underinsured motorist coverage. He claims that the fair meaning of the language used in part 7 of the tortfeasor's policy so provides, and that, in any event, the language and intent of G. L. c. 175, § 113L, as appearing in St. 1980, c. 532, effective January 1, 1981 (making underinsured motorist coverage mandatory), compels this result. We disagree.

Part 7 provides in pertinent part:[1]

"Sometimes an owner or operator of an auto legally responsible for an accident is underinsured. Under this Part, we will pay damages for bodily injury to people injured or killed as a result of certain accidents caused by someone who does not have enough insurance.

"We will only pay if the injured person is legally entitled to recover from the owner or operator of the underinsured auto. We consider an auto to be underinsured if the insurance covering the auto or operator is not sufficient to pay for the damages sustained by the injured person.

"We will pay damages to or for:
"1. You or any household member.
"2. Anyone occupying your auto with your consent at the time of the accident.
"3. Anyone else for damages he or she is entitled to recover because of injury to a person covered under this Part."

We must construe the words of the policy according to "the fair meaning of the language used, as applied to the subject matter," *Bilodeau* v. *Lumbermens Mut. Casualty Co.,* 392 Mass. 537, 541 (1984), quoting *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.,* 359 Mass. 221, 226 (1971), as long as the statutory language or legislative policy of G. L. c. 175, § 113L, is not contravened. *Cardin* v. *Royal Ins. Co.,* 394 Mass. 450, 453-454 (1985), and cases cited. This is true whether the language of a standard Massachusetts automobile insurance policy is considered ambiguous, *Bilodeau* v. *Lumbermens Mut. Casualty Co., supra,* or explicit. *Cardin* v. *Royal Ins. Co., supra.* Manning argues that, since he has suffered

---

[1] The language we quote in the text is from the Massachusetts Automobile Insurance Policy, Second Edition (issued in 1979), which was in effect at the time of Manning's accident in November, 1981. Underinsurance coverage became mandatory as of January 1, 1981, G. L. c. 175, § 113L, yet, according to the plaintiff's brief, the Massachusetts Automobile Insurance Policy, Third Edition, was not effective until January 1, 1983. Although there are semantic differences in the equivalent section of the Third Edition, the new wording does not affect the issue presented.

bodily injury as a result of an automobile accident caused by Fireman's insured, and since his damages exceed the bodily injury limits of the Fireman's policy, he comes within the "plain meaning" of part 7, first par. and third par., item 3.

The interpretation relied upon by Manning is not a reasonable one. Underinsured motorist protection "is limited personal accident insurance chiefly for the benefit of the *named insured*" (emphasis added). *Cardin* v. *Royal Ins. Co., supra* at 452, quoting *Motorists Mut. Ins. Co.* v. *Bittler,* 14 Ohio Misc. 23, 32-33 (1968). See 12A M.S. Rhodes, Couch's Cyclopedia of Insurance Law § 45:649, at 202, § 45:620, at 17 (2d ed. rev. 1981). To read underinsurance provisions in the manner urged by Manning would effectively convert a form of coverage which is distinct from automobile liability insurance, see *Cardin, supra,* to additional liability coverage. See *Couch, supra,* § 45:620, at 17-18 (underinsurance coverage is "not an additional liability coverage, but rather is direct compensation to the insured who is injured"). This we decline to do. Moreover, the language of part 7 of the Fireman's policy is unambiguous. Benefits for victims such as Manning are plainly not provided under the tortfeasor's own underinsured motorist coverage. Paragraph 3 is the only portion of part 7 which identifies the individuals for whom the carrier will pay underinsurance benefits. Item 1 lists the insured[2] and members of the insured's household, and item 2 specifies persons occupying the insured's[3] automobile with the insured's consent at the time of the accident. Item 3 provides benefits for "[a]nyone else for damages he or she is entitled to recover *because of injury to a person covered under this Part*" (emphasis added). It is evident that the only persons "covered under this Part" are those identified in items 1 and 2. "Anyone else" in item 3, therefore, obviously refers to those individuals, such as administrators or conservators, who have claims deriving from bodily injuries incurred by the insured, a member of his household, or anyone occupying the vehicle with the con-

---

[2] "You" is defined in the definitions section as "the person named on the Coverage Selections page."

[3] The definition of "your" is identical to that of "you."

sent of the insured. Manning, as the accident victim, is not entitled to recover under the tortfeasor's policy because of an injury to such a person.

Neither the legislative policy nor the statutory language of G. L. c. 175, § 113L, suggests a contrary interpretation. Nowhere has the Legislature indicated that by mandating under-insured motorist coverage it intended to convert limited personal accident insurance for the benefit of the insured into additional liability insurance. The statute does, however, suggest that the term is used in the traditional sense which we adopt. See, e.g., G. L. c. 175, § 113L (2) and (3) (1984 ed.), which, in effect, extends uninsured motorist benefits[4] to an insured "where the *liability insurer* of the *tort-feasor* has been declared to be insolvent . . ." (emphasis added).

We remand this case to the Superior Court for the entry of a judgment declaring that the plaintiff may not recover under-insured motorist benefits under the Massachusetts automobile insurance policy issued by the defendant to Conceptual Design Corp., as a result of injuries sustained by the plaintiff in November, 1981.

*So ordered.*

---

[4] In 1981, the definition of "uninsured motor vehicle coverages" was expanded to include underinsured motorists. G. L. c. 175, § 113L (2), as appearing in St. 1980, c. 532, § 2. *Lumbermens Mut. Casualty Co.* v. *DeCenzo,* 396 Mass. 692, 694 (1986).