LIBERTY MUTUAL INSURANCE COMPANY *vs.* ANDREW J. LUND, administrator.[1] November 14, 1988. *Insurance,* Motor vehicle insurance, Underinsured motorist, Uninsured motorist, Construction of policy.

William A. Lund, a guest passenger in an automobile owned and operated by Katherine Cencak, was killed in a single automobile accident. Lund's father (defendant) became the administrator of Lund's estate, and as administrator filed a complaint against the owner and operator of the vehicle[2] and against Liberty Mutual Insurance Company (Liberty), the liability insurer of Cencak's automobile. Liberty denied it had to pay any benefits to Lund's estate for his injuries under a policy of liability insurance purchased by Cencak. The defendant filed a demand for arbitration as required by the policy. Liberty filed a complaint in the Superior Court seeking declaratory

---

[1] Of the estate of William A. Lund.

[2] The complaint against Cencak is pending in the Superior Court.

relief and a stay of the arbitration proceedings. The parties filed a statement of agreed facts, and each party moved for a declaration consistent with the position each espoused. A judge in the Superior Court entered a judgment declaring that the defendant was not entitled to any benefits under the insurance policy purchased by Cencak from Liberty. The defendant appeals. We transferred the case to this court on our own motion. We affirm.

Cencak purchased a standard personal automobile liability policy from Liberty. The policy provided coverage of $10,000 per person for negligently causing injuries to others and had a $20,000 maximum per accident. Cencak only purchased compulsory coverage and that coverage excluded "guest occupants of [the owner's] auto."[3] The defendant correctly does not claim that, under this section of the policy, he is entitled to any benefits.

Relying on language in Part 3,[4] the uninsured and underinsured part of the policy, the defendant asserts that the "Cencak auto was uninsured for the loss suffered by Lund even though it was insured for other losses." Alternatively, the defendant argues that the Cencak vehicle "was underinsured because its insurance was insufficient to compensate Lund fully for his damages." The defendant concludes that any other construction of the policy would leave automobile accident victims without insurance protection for their losses. He asserts that such a result is contrary to public policy. We do not agree.

Underinsurance and uninsured motorist protection is not additional liability insurance but rather is "limited personal accident insurance chiefly for the benefit of the named insured." *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 452 (1985), quoting *Motorist Mut. Ins. Co.* v. *Bittler*, 14 Ohio Misc. 23, 32-33 (1968). To interpret uninsurance and underinsurance in the manner

---

[3] Part 1 of the policy reads in relevant part as follows: "Under this Part, we will pay damages to people injured or killed by your auto in Massachusetts accidents. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement. We will pay only if you or someone else using your auto with your consent is legally responsible for the accident. . . . We will *not* pay:

(1) For injuries to guest occupants of your auto."

[4] The language relied on by the defendant reads in relevant part as follows: "Part 3. Bodily Injury Caused By An Uninsured Or Underinsured Auto. Sometimes an owner or operator of an auto legally responsible for an accident is uninsured or underinsured. Some accidents involve unidentified hit and run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured, underinsured, or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured, underinsured or hit and run auto. We will pay for hit and run accidents only if the owner or operator causing the accident cannot be identified. . . .

"We will pay damages to or for:

"1. You, or any household member.

"2. Anyone occupying your auto with your consent at the time of the accident.

"3. Anyone else for damages he or she is entitled to recover because of injury to a person covered under this Part."

urged by the defendant, "would effectively convert a form of coverage which is distinct from automobile liability insurance . . . to additional liability coverage. . . . This we decline to do." *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. 38, 41 (1986), citing *Cardin* v. *Royal Ins. Co.*, *supra.* The declaration entered in the Superior Court that Liberty is not liable to the defendant under its policy of insurance with Cencak is correct.

*Judgment affirmed.*

*Austin M. Joyce* for the defendant.
*Thomas E. Fleischer* for the plaintiff.