SCOTT NASH *vs.* METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY. May 7, 1991. *Insurance*, Motor vehicle insurance, Underinsured motorist.

The plaintiff Nash was injured on October 23, 1983, in a single vehicle accident while he was a guest passenger in a motor vehicle owned and operated by David Mather and insured by the defendant (Metropolitan). Nash was not a named insured or a household member under Mather's automobile insurance policy. Metropolitan paid Nash $20,000, the full per person limit of the optional bodily injury coverage under the Mather policy. Nash seeks by this action to obtain a declaratory judgment that he is entitled to recover additionally under the underinsured motorist coverage of Mather's policy.

A judge of the Superior Court granted summary judgment to Metropolitan and entered a judgment declaring that Nash was not entitled to recover underinsured motorist benefits under Mather's policy. We granted Metropolitan's application for direct appellate review. We affirm the judgment.

The judge was correct in relying on *Liberty Mut. Ins. Co.* v. *Lund*, 403 Mass. 1006 (1988). In that opinion, we observed that "[u]nderinsurance and uninsured motorist protection is not additional liability insurance but rather is 'limited personal accident insurance chiefly for the benefit of the named insured.' *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 452 (1985), quoting *Motorist Mut. Ins. Co.* v. *Bittler*, 14 Ohio Misc. 23, 32-33 (1968). To interpret uninsurance and underinsurance in the manner urged by the [claimant] 'would effectively convert a form of coverage which is distinct from automobile liability insurance . . . to additional liability coverage. . . . This we decline to do.' *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. 38, 41 (1986), citing *Cardin* v. *Royal Ins. Co., supra.*" *Liberty Mut. Ins. Co.* v. *Lund, supra* at 1007-1008.

The fact that Mather had optional bodily injury coverage and the insured in the *Lund* case did not is a distinction that does not aid Nash. Also, Nash is not helped by the fact that *Lumbermens Mut. Casualty Co.* v. *Mercurio*, 27 Mass. App. Ct. 111 (1989), was decided on the assumption that a passenger in a single vehicle accident could recover under the insured tortfeasor's underinsured coverage. The issue was not decided in that case.

*Judgment affirmed.*

*Brian L. Bagby* for the plaintiff.
*Lauren B. Pillsbury* for the defendant.