MITCHELL FREUNDLICH *vs.* HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM & another.[1] December 5, 1991. *Insurance*, Motor vehicle insurance, Underinsrued motorist.

The plaintiff, a passenger injured in a single-car accident in 1984, seeks to recover against Holyoke Mutual Insurance Company in Salem (Holyoke) under the underinsured motor vehicle coverage that Holyoke provided to the owner of the motor vehicle whose negligent operation by one Gleason caused his injuries. Holyoke denies liability. The plaintiff also claims under the underinsured motor vehicle coverage of a policy that Hartford Insurance Company (Hartford) issued to the plaintiff's mother. Hartford does not deny liability under that policy's underinsured motor vehicle coverage, but says that its obligation arises only after the underinsured motor vehicle coverage of the Holyoke policy has been exhausted.

The plaintiff brought this proceeding seeking a declaration of his rights against each insurer. A Superior Court judge reported the case to the Appeals Court on a statement of agreed facts. We granted Hartford's application for direct appellate review.

The plaintiff was injured when Gleason, operating a motor vehicle with the consent of its owner, negligently caused injury to the plaintiff, who was a passenger. The plaintiff's claims against the owner and Gleason were settled before trial. Holyoke paid $100,000, the entire amount of the owner's bodily injury coverage. Gleason's insurer paid $45,000, the limits of his coverage.

Based on our opinions in *Liberty Mut. Ins. Co.* v. *Lund*, 403 Mass. 1006 (1988), and *Nash* v. *Metropolitan Property & Liab. Ins. Co.*, 410 Mass. 1002 (1991), we conclude that the plaintiff may not recover under the underinsured motor vehicle coverage of the owner's Holyoke policy. We have established a pattern in such circumstances of not recognizing liability under the underinsured motor vehicle coverage of the standard motor vehicle policy of the motor vehicle owner. We have rejected a literal reading of the standard motor vehicle insurance policy, in effect in the relevant years, that would provide coverage when the motor vehicle in which such a claimant was riding was itself the allegedly underinsured vehicle. Any change in this result must come from a change in the relevant regulatory statute or from a revision in the policy language that explicitly rejects the position this court has to date taken.

Judgment shall be entered declaring that (1) the plaintiff is not entitled to recover under the underinsured motor vehicle coverage of the policy that the Holyoke Mutual Insurance Company in Salem issued to the owner of

---

[1] Hartford Insurance Company.

the vehicle in which the plaintiff was injured and (2) he is entitled to such coverage under the motor vehicle insurance policy that Hartford Insurance Company issued to his mother.

*So ordered.*

*David W. White-Lief* (*Julia A. Thomas* with him) for the plaintiff.

*Roger A. Emanuelson* for Holyoke Mutual Insurance Company in Salem.

*Michael DeMarco* for Hartford Insurance Company.

