HANOVER INSURANCE COMPANY *vs.* FERNANDA MOTA, administratrix.[1] No. 91-P-1314. May 6, 1993. *Insurance,* Motor vehicle insurance, Construction of policy. *Contract,* Insurance. Further appellate review granted, 416 Mass. 1102 (1993).

On July 14, 1989, while driving his brother's car which was insured by the plaintiff, David Milton struck a vehicle driven by Eugenio Mota, the defendant's husband. Milton's three passengers and the defendant's husband were injured. Her son and granddaughter were killed. The policy issued by the plaintiff contained the compulsory insurance limits of $10,000 per person, $20,000 per accident for bodily injury to others. The policy also provided optional "bodily injury to others" coverage with the same per person, per accident limits. After receiving claims from the representatives of the six persons injured or killed in the accident, the plaintiff offered up the policy limit of $20,000 for allocation among all the claimants as they should decide. The defendant insisted that the policy provided $20,000 in optional coverage for Milton's passengers and demanded that she be paid the limit, $20,000, of the compulsory insurance protection for her decedents. The plaintiff brought an action under G. L. c. 231A, and a Superior Court judge concluded that the optional protection provided by the policy encompassed, and was not in addition to, the compulsory limits. The court also granted summary judgment to the plaintiff on the defendant's counterclaims. The defendant appeals, and we affirm the judgment.

1. *The policy.* It is the defendant's argument that because Milton's compulsory coverage excluded "guest occupants of [the owner's] auto," the limits of that coverage are available for her claims, while Milton's passengers divide up the limits of the optional insurance. However, her reading of the policy is in direct contradiction of its plain and unambiguous terms.

As explained in the optional insurance part of the policy, the "limits shown for this Part on the Coverage Selections Page are the total limits you have under Compulsory Bodily Injury to Others (Part 1) and this Part. This means that the Compulsory limits are included within the limits on the Coverage Selections Page for this Part and are *not* in addition to

---

[1]Of the estates of her son, Eugenio C. Mota, Jr., and her granddaughter, Patricia Mota.

them" (emphasis in original). The coverage selections page shows those limits to be $10,000 per person, $20,000 per accident.

The optional protection part of the policy does not increase the limits of the available insurance. Rather, the optional insurance expands the scope of the compulsory coverage to persons who would otherwise be excluded because of their status or the locus of the accident. Cf. *Liberty Mut. Ins. Co.* v. *Lund*, 403 Mass. 1006 (1988). As stated in the optional insurance part of the policy, "[u]nlike the Compulsory Part, this Part does provide coverage for injuries to guest occupants and for accidents occurring outside Massachusetts."

2. *Breach of contract and unfair and deceptive acts.* There is no basis for the defendant's allegation that the plaintiff had agreed to pay her $20,000 in settlement of her claims. The plaintiff's position from the outset was that the limits of the policy were to be tendered to the six claimants for allocation as they should decide. Cf. *Aetna Cas. & Sur. Co.* v. *Sullivan*, 33 Mass. App. Ct. 154, 157-158 (1992). The plaintiff stated numerous times in letters to the defendant that the payment would be made as soon as instructions or releases, or both, were received from all the claimants. Although the defendant might have been mistaken in her expectation that she would receive the limits of the policy upon the release of her claims, she has not shown that any confusion or misunderstanding on her part was caused by or, is somehow attributable to, the plaintiff.

*Judgment affirmed.*

*Brian T. Callahan* for the defendant.
*John H. Bruno, II*, for the plaintiff.