CHRISTOPHER J. DEMAURO *vs.* HANOVER INSURANCE CO. No. 92-P-1591. December 16, 1993. *Insurance*, Motor vehicle insurance, Underinsured motorist.

The plaintiff was injured while a guest in Peloquin's car when a car operated by Nancy Tatro hit the Peloquin car. Tatro's insurer, Travelers Insurance Company, settled with the plaintiff for $25,000, the full bodily injury limits of Tatro's policy. Peloquin's insurer, the defendant Hanover Insurance Company, also settled with the plaintiff for $25,000, the full bodily injury limits of Peloquin's policy.

The dispute concerns part 3 of Peloquin's policy which provides for underinsured or uninsured coverage. That part provides that the determination whether an injured person is entitled to recover underinsurance benefits and the amount of damages to be awarded is to be decided by agreement between the injured person and the insurer, and failing agreement, by an arbitrator.

Pursuant to the plaintiff's application for an arbitrator, an arbitrator was appointed by a judge of the Superior Court, over the objection of the insurer. The arbitrator found for the plaintiff in the amount of $20,000, and the award was confirmed. The insurer appeals from the judgment confirming the award. We affirm.

The cases relied upon by the insurer, *Liberty Mutual Ins. Co.* v. *Lund*, 403 Mass. 1006 (1988), and *Nash* v. *Metropolitan Property and Liability Ins. Co.*, 410 Mass. 1002 (1991), which hold that a guest passenger may not obtain coverage under the underinsurance provisions of an owner's policy, all involve *single car* accidents. In *Liberty* where the owner did not have optional bodily injury coverage for guests, the court held that the guest could not recover under the underinsured part of the policy because underinsurance protection is not additional liability insurance.[1] Similarly, in *Nash* where the guest recovered the full amount of the owner's bodily

the relevance and materiality of the particular evidence, which, in our view, is slight or none.

[1]The relevant language of the policy in *Liberty Mutual Ins. Co.* v. *Lund*, see 403 Mass. 1006, n.4 at 1007, is identical to the language of the Peloquin policy, which is as follows:

"Sometimes an owner or operator of an auto legally responsible for an accident is uninsured or underinsured. Some accidents involve unidentified hit and run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured, underinsured, or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured, underinsured

injury coverage, it was held that he could not recover underinsured benefits, the court saying, "To interpret . . . underinsurance in the manner urged [by the guest] 'would effectively convert a form of coverage which is distinct from automobile liability insurance . . . to additional liability coverage. . . . This we decline to do.' " 410 Mass. at 1002, quoting from *Liberty Mut. Ins. Co.* v. *Lund, supra* at 1007-1008. As put by the court in a third single vehicle case reaching the same result, *Freundlich* v. *Holyoke Mut. Ins. Co.*, 411 Mass. 1002 (1991), "We have rejected a literal reading of the standard motor vehicle insurance policy . . . that would provide coverage when the motor vehicle in which such a claimant was riding was *itself the allegedly underinsured vehicle.*" (Emphasis supplied.)

Here, however, two vehicles were involved and the plaintiff is entitled to recover because the Tatro vehicle was concededly responsible, at least in part, for the accident and was underinsured.

*Judgment affirmed.*

*Robert G. Power* for the defendant.
*Rickie T. Weiner* for the plaintiff.

---

or hit and run auto. We will pay for hit and run accidents only if the owner or operator causing the accident cannot be identified . . . .
"We will pay damages to or for:
1. You, or any household member.
2. Anyone occupying your auto with your consent at the time of the accident.
3. Anyone else for damages he or she is entitled to recover because of injury to a person covered under this Part."