HANOVER INSURANCE COMPANY *vs.* FERNANDA MOTA, administratrix.[1]
January 4, 1994. *Insurance*, Motor vehicle insurance, Construction of policy. *Contract*, Insurance.

We granted the defendant's application for further appellate review to decide whether a judge of the Superior Court properly granted summary judgment for the plaintiff, Hanover Insurance Company, after concluding that the compulsory limits of an insured's standard motor vehicle insurance policy encompassed the optional benefits for bodily injury to others. The Appeals Court, in a rescript opinion reported at 34 Mass. App. Ct. 928 (1993), affirmed the judgment of the Superior Court, concluding that: (1) the optional protection provision of the policy did not increase the dollar limits of the available insurance, but rather expands the scope of the compulsory coverage to persons who would otherwise be excluded because of their status or the location of the accident; and (2) there was no support for the defendant's allegation that the plaintiff had agreed to pay her $20,000 in settlement of her claims.

We agree with the Appeals Court that the plain and unambiguous terms of the policy require the result reached in the Superior Court. "As ex-

---

[1] Of the estate of Eugenio Mota and Patricia Mota.

plained in the optional insurance part of the policy, the 'limits shown for this Part on the Coverage Selections Page are the total limits you have under Compulsory Bodily Injury to Others (Part 1) and this Part. This means that the Compulsory limits are included within the limits on the Coverage Selections Page for this Part and are *not* in addition to them' (emphasis in original). The coverage selections page shows those limits to be $10,000 per person, $20,000 per accident." 34 Mass. App. Ct. at 928-929.

The constitutional claim alluded to by the defendant in her application for further appellate review was not raised in the Superior Court and is not otherwise properly before this court.

*Judgment affirmed.*

*Joseph Guerreiro* for the defendant.
*John H. Bruno, II,* for the plaintiff.