ANNE SKINNER *vs.* ROYAL INSURANCE COMPANY.

No. 93-P-849.

Worcester. April 22, 1994. - May 20, 1994.

Present: ARMSTRONG, BROWN, & IRELAND, JJ.

*Insurance,* Motor vehicle insurance, Uninsured motorist, Construction of policy.

A passenger in an automobile owned by an unrelated person, who was injured through the negligence of an uninsured driver (her sister), and who was able to collect personal injury protection benefits under the owner's policy, but not bodily injury liability benefits (because she was a "guest occupant" of the vehicle), was eligible pursuant to the revision of G. L. c. 175, § 113L, effected by St. 1988, c. 273, to collect uninsured motorist coverage benefits under the owner's policy in circumstances where she had no access to uninsured coverage in a policy written for her or for a member of her family with whom she resided. [534-535]

CIVIL ACTION commenced in the Superior Court Department on February 26, 1991.

The case was heard by *Elizabeth Butler,* J., on motions for summary judgment.

*Daniel M. Wrenn* for the defendant.
*Ward W. Weizel* for the plaintiff.

ARMSTRONG, J. On September 20, 1989, the plaintiff was injured in an automobile accident (whether a one-car or two-car accident is not disclosed by the record). The plaintiff was a passenger, and the accident was caused by the negligence of the driver, who was the plaintiff's sister. The automobile was owned by an unrelated person and was insured through the defendant for what were then the applicable minimum limits of compulsory coverage ($10,000 bodily injury liability; $8,000 personal injury protection; $10,000 in uninsured motorist). See G. L. c. 90, § 34A, as amended through St. 1979, c. 611, § 2 (defining motor vehicle liability policy),

and by St. 1988, c. 273, § 15. The plaintiff was able to recover under the personal injury protection coverage but not under the bodily injury liability coverage because she was a "guest occupant." See § 34A and *Liberty Mut. Ins. Co. v. Lund*, 403 Mass. 1006, 1007 (1988). In this action she seeks to collect under the uninsured motorist coverage. The judge ruled that she could, and the insurer appealed.

The facts in this case parallel those in *Liberty Mut. Ins. Co. v. Lund, supra*, where the administrator of a deceased passenger who could not recover under the driver-owner's compulsory bodily injury liability coverage because the decedent was a guest occupant, argued that there was coverage under either the uninsured or underinsured coverages because, as applied to his decedent, the accident vehicle had to be regarded as uninsured or underinsured. The argument was rejected because such an interpretation "would effectively convert a form of coverage which is distinct from automobile liability insurance . . . to additional liability coverage . . . . This we decline to do." *Id.* at 1008, quoting from *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. 38, 41 (1986). Later decisions involving injured occupants have followed the *Lund* holding. See *Nash* v. *Metropolitan Prop. & Liab. Ins. Co.*, 410 Mass. 1002 (1991); *Freundlich* v. *Holyoke Mut. Ins. Co.*, 411 Mass. 1002 (1991). See also *DeMauro* v. *Hanover Ins. Co.*, 35 Mass. App. Ct. 932 (1993) (distinguishing case from *Lund* because, unlike *Lund*, *Nash*, and *Freundlich*, *supra*, two cars were involved in the accident, and the driver of the second car was at least partially at fault). In *Freundlich* the court said: "We have established a pattern in such circumstances [i.e., single-car accidents where injured occupant claims against uninsured or underinsured coverage of host vehicle] of not recognizing liability under the underinsured motor vehicle coverage of the standard motor vehicle policy of the motor vehicle owner. We have rejected a literal

reading of the standard motor vehicle insurance policy,[1] *in effect in the relevant years*, that would provide coverage when the motor vehicle in which such a claimant was riding was itself the allegedly underinsured vehicle. Any change in this result must come from a change in the relevant regulatory statute or from a revision in the policy language that explicitly rejects the position this court has to date taken" (emphasis supplied).

The cases cited above were all decided under the law as it stood prior to the revision of G. L. c. 175, § 113L, which governs uninsured and underinsured motorist coverages, by St. 1988, c. 273.[2] Section 47 of that act, applicable to policies written on or after January 1, 1989 (see § 77), added a new subsection (5) to § 113L, the primary purpose of which was to preclude "stacking" (i.e., combining the uninsured or underinsured limits of separate policies to determine coverage for a single accident) but which also added this sentence: "Any injured occupants who are not named insureds on a policy and who are not insured on a resident relative's policy may obtain uninsured motorist coverage from the named insured's policy covering the vehicle they occupy when injured."

The judge did not err in ruling, implicitly, that the addition of this sentence to § 113L has the effect of altering the underlying principle applied in the *Lund* case as to policies, like this one, written after January 1, 1989. The amendment expressly makes the uninsured motorist coverage of the host vehicle available to a guest occupant who has recourse to no other liability policy. Thus, it can no longer be said, as it was in *Lund*, that uninsured motorist protection is "limited personal accident insurance chiefly for the benefit of the named insured." 403 Mass. at 1007-1008, quoting from *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 452 (1985), quoting in turn

[1]The uninsured and underinsured coverages in the *Lund* policy applied to "[a]nyone occupying your auto with your consent at the time of the accident." 403 Mass. at 1007 n.4.

[2]Each of the accidents occurred in or prior to 1988 (including the *DeMauro* accident, shown by the appellate records to have happened in late 1988).

from *Motorist Mut. Ins. Co.* v. *Bittler*, 14 Ohio Misc. 23, 32-33 (1968). Rather, the purpose of the amended statute is to make uninsured motorist coverage available in some fashion to each person with a liability-based but uninsured claim. The amended statute prohibits stacking the uninsured motorist limits of separate policies, and it identifies with particularity the policy available to the injured person.[3] In the case of the guest occupant without access to a policy of his own or that of a resident relative, the applicable policy is that covering the vehicle he occupied when injured. It is immaterial under § 113L(5) whether the injured occupant's liability claim is against the driver of the vehicle in which he was riding or some other vehicle.

In this case, therefore, the plaintiff may have recourse to the uninsured motorist coverage of the defendant's policy because the driver whose negligence caused the accident has no liability coverage herself and because the plaintiff has no recourse to uninsured motorist coverage in a policy written for her or for a member of her family with whom she resides.[4]

*Judgment affirmed.*

---

[3]The scheme laid out in § 113L(5) is that a named insured injured while in his own vehicle claims on the uninsured coverage applicable to that vehicle. A named insured injured while a pedestrian or in a nonowned vehicle claims against the policy in which he is a named insured offering the highest uninsured limits. An occupant who is not a named insured claims against the uninsured motorist coverage of the vehicle of a resident relative offering the highest limits. Occupants who are not named insureds and who are not covered by the policy of a resident relative claim against the uninsured motorist coverage of the vehicle they occupied at the time of the accident. The amended statute excludes from coverage only persons injured while driving in occupied vehicles they own which are (illegally) being driven without compulsory insurance coverage.

[4]The result would be different if the vehicle in which the plaintiff was riding had been covered by the optional higher bodily injury limits. G. L. c. 175, § 113C, mandates that occupants are not excluded from the optional coverage, cf. *Nash* v. *Metropolitan Prop. & Liab. Ins. Co.*, *supra*, so that the plaintiff would not be uninsured.