McHugh, J.
This is a declaratory judgment action brought by plaintiff, the United States Fidelity & Guaranty Company (“USF&G”), against Victoria Hicks, a young woman who was seriously and permanently injured in an automobile accident. USF&G seeks a declaration that its general liability policy provides no coverage for the owner of the vehicle that, a factfinder could find, caused the accident. The question dividing plaintiff and defendant is whether the vehicle that allegedly caused the accident was “mobile equipment” covered by the policy or was an “auto” for which coverage was excluded.
The action came on for trial before the Court sitting without a jury on an agreed statement of all material facts.[1] Based on the content of the agreed statement and the reasonable inferences I have drawn therefrom, see, e.g., Reilly v. Local, 589, Amalgamated Transport Union, 22 Mass.App.Ct. 558, 567-68 (1986), I make the following
FINDINGS OF FACT
USF&G is a licensed and authorized insurance company with a usual place of business in the Commonwealth. Ms. Hicks is a natural person who is domiciled in Brighton, Massachusetts.
On or about August 19, 1993, Ms. Hicks was travel-ling on Interstate 495, a public highway in Massachusetts. At that time, Richard Morse (“Morse”) was driving a Ford F250 truck (the “Truck”) southbound on the same highway towing a trailer (the “trailer”). The trailer broke free from the Truck, travelled across the median strip and collided with the automobile Ms. Hicks was driving (the “accident”). As a result of the accident, Ms. Hicks sustained severe and debilitating injuries.
At all relevant times, the Truck was owned by W.D. Chisholm Corporation (“Chisholm”) and was registered in Chisholm’s name in compliance with all applicable Massachusetts vehicle registration laws. Other than the attachment of a trailer hitch and the occasional attachment of a snowplow, the Truck’s original design was not altered. A photograph describing the Truck is attached to the agreed statement of facts as Exhibit A and reveals a standard, ordinary pickup truck of a type that normally springs to mind when the word “pickup truck” is mentioned.
At all relevant times, Morse was using the Truck with Chisholm’s permission although there is a dispute among the parties as to whether Morse, a Chisholm employee, was acting within the course and scope of his employment at the time of the accident.
Ms. Hicks brought an action against various defendants for damages arising out of the accident. Chisholm is among the named defendants. Before the accident, USF&G had issued to Chisholm a commercial general liability insurance policy bearing policy number IMP 300866951 00 (the “Policy”). The Policy was in effect at the time of the accident. The Policy provides liability coverage to Chisholm with a $1 million general aggregate limit of liability and a limit of $500,000 for each “occurrence.”
Among the Policy’s various terms are these:
[USF&G] will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies.
Policy, page 1. Nevertheless, the Policy excludes coverage for
“Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft owned or operated by or rented or loaned to any insured. “Use” includes operation and “loading or unloading.”
Policy, page 2.
The Policy defines “auto” as follows
A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But “auto” does not include “mobile equipment.”
Policy, page 8. The Policy defines “mobile equipment” as including, inter alia, bulldozers, other vehicles on crawler treads, graders, cherry pickers and the like. Of primary importance here, the definition also includes
vehicles . . . maintained primarily for purposes other than the transportation of persons or cargo.
Policy, pages 8-9. The Policy also provides that
With respect to “mobile equipment” registered in [Chisholm’s] name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with [Chisholm’s] permission.
*150 Policy, page 5.
As stated, the sole dispute between the parties to this action is whether the Truck should be classified under the Policy as an “auto” or as “mobile equipment.”
Chisholm owns and operates heavy equipment like bulldozers and front-end loaders. I find that Chisholm employees used the Truck primarily to pick up and deliver parts for Chisholm’s equipment, to supply fuel to that equipment when needed, to clear snow from the Chisholm equipment yard and to carry a repairman to a job site if a piece of Chisholm’s equipment broke down while on the job. Mr. Morse, the driver of the Truck at the time of the accident, was the primary operator of the Truck for those purposes when he was working in the ordinary course of his business for Chisholm.
CONCLUSIONS OF LAW
Ms. Hicks maintains that, whatever its status in other situations and contacts, the Truck is “mobile equipment” in this case because Chisholm maintained it primarily for servicing other equipment owned by Chisholm, not for transportation of persons or cargo.[2]
There is no question, however, that the Truck is a “land motor vehicle . . . designed for travel on public roads.” The Truck thus is an “auto” for purposes of the Policy unless excluded from that term by the policy’s definition of “mobile equipment.”
When construing unclear language in an insurance Policy, the insured must be favored over the insurer. Pinheiro v. The Medical Malpractice Joint Underwriting Association of Massachusetts, 406 Mass. 288, 294 (1989). Nevertheless, the words of an insurance Policy must be construed according to “the fair meaning of the language used, as applied to the subject matter.” Manning v. Fireman’s Fund American Insurance Cos., 397 Mass. 38, 40 (1986). For that reason a “policy of insurance whose provisions are plainly and definitely expressed- in appropriate language must be enforced in accordance with its terms.” Hyfer v. Metropolitan Life Insurance Co., 318 Mass. 175, 179 (1945).
Applying the foregoing principles, I am of the opinion that the proper construction of the term “maintained” as used in the definition of “mobile equipment” is “functionally suited.” Doty v. Safeco Insurance Co., 400 So.2d 718, 721 (La. App. 1981); Williams v. Galliano, 601 So.2d 769, 774 (La. App. 1992). That being the case, a vehicle is “mobile equipment” under the policy if it is “functionally suited primarily for purposes other than the transportation of persons or cargo.” No reasonable view of the Truck places it in that category.
Ms. Hicks’ argument that the Truck should be classified as “mobile equipment” in the present instance because it was “used” to “service” Chisholm’s other equipment suffers from two flaws. First, Ms. Hicks’ argument turns what clearly is designed as a structural definition into a definition that focuses on the use to which the policyholders put vehicles having similar structural characteristics. In context, however, it is plain that the term “mobile equipment” is intended to apply to vehicles that have certain structural characteristics distinguishing them from vehicles that do little save travel from point to point over paved roads. See generally Restatement (Second) of Contracts §202, comment b; Dickson v. Riverside Iron Works, Inc., 6 Mass.App.Ct. 53, 55-56 (1978).
Second, and more important, Ms. Hicks’ contention that the Truck is “mobile equipment” because it is primarily used to “service” other Chisholm equipment stops at the conclusory label “service” and ignores that label’s components. The Truck, after all, does not do anything, by itself, to “service” Chisholm equipment. Instead, when used to “service” Chisholm equipment, the Truck carries required persons and cargo to the place where service or repair is required. The label “service,” therefore, simply describes the usual and customary purpose for which persons or cargo or both are transported from Chisholm’s facility to the scene where a vehicle is disabled.
Under all of the circumstances, I find and conclude that the Truck is an “auto” and not “mobile equipment” under the USF&G policy. There is no coverage therefore for the Truck under that Policy.
ORDER
In light of the foregoing, it is hereby ORDERED that judgment enter declaring that plaintiffs commercial general liability insurance Policy No. IMP 300866951 00 provides no coverage to W.D. Chisholm Corporation for the accident involving a Ford F250 truck owned by Chisholm and operated by Richard Morse on or about August 19, 1993 on Interstate 495 in Massachusetts.

See, e.g., the brief discussion in Reilly v. Local 589, Amalgamated Transit Union, 22 Mass.App.Ct. 558, 567-68 (1986). The agreement in this case was the equivalent of a “case stated.”

The parties disagree as to who has the ultimate burden of proving that the truck is "mobile equipment.” USF&G asserts that the party seeking coverage bears the initial burden of proving that a loss is within an insurance policy’s description of covered risks. Camp Dresser & McKee, Inc. v. The Home Insurance Co., 30 Mass.App.Ct. 318, 321 (1991). Once that burden is met, the insurer generally must prove the applicability of any exclusion. Id. While Massachusetts appellate courts have not considered the next step, i.e., the identity of the party bearing the burden of proving an exception to the exclusion, the majority rule places that burden on the person seeking coverage, Interex Corp. v. Atlantic Mutual Insurance Co., 874 F.Supp. 1406, 1416-17 (D. Mass. 1995); Fidelity & Casualty Co. of New York v. Reserve Insurance Co., 596 F.2d 914, 920 (9th Cir. 1979). While there is much logic to that allocation of burdens, I assume for purposes of this discussion that USF&G bears the burden of proving that the Truck is an “auto” and not “mobile equipment.”