Grasso, J.
Joseph Clerger (“Clerger”) brought this action against the defendant Commerce Insurance (“Commerce”) and Christopher Kokoras Insurance Agency (“Kokoras”) alleging breach of the provisions of a motor vehicle insurance policy. The parties have each moved for summary judgment relative to the insurer’s duty to defend and extend coverage for claims arising out of a motor vehicle accident.
BACKGROUND
In 1992, Clerger insured his automobile with Commerce. On December 3, 1992, Clerger was involved in an automobile accident with a vehicle owned by the City of Boston. In his car at the time of the accident were Elcie and Hughes Julien (“the Juliens”). The Juliens are not covered under a resident relative’s policy.
The Juliens initially sued the Ci1y of Boston, who in turn impleaded Clerger for indemnification or contribution. [1] Clerger now looks to Commerce to provide a defense in the underlying actions. For the reasons stated below Clerger’s motion for summary judgment is ALLOWED, and Commerce’s motion is DENIED.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Summary judgment is appropriate if there is no real dispute as to the salient facts or if only a question of law is involved. Cassesso, 390 Mass. at 422.
A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Clerger claims that under the Standard Massachusetts Auto Policy he is entitled to a defense and coverage from Commerce. Specifically, he contends that the general coverage provisions coupled with the so-called “Part 9" or uninsured/underinsured provisions of the policy impose a duty on Commerce to defend the suit and possibly make payment in accord with the policy. It is Commerce’s position that it has no duty to defend as Clerger purchased no ’’guest" insurance coverage and the underlying action is by the Juliens, who were passengers in Clerger’s car.
The Duty to Defend
Clerger contends that as an insured under Commerce’s auto policy he is entitled to a defense from Commerce in this case because the action stems from a motor vehicle accident wherein Clerger’s operation of the vehicle insured by Commerce is alleged to have been negligent. Commerce counters that because Clerger has no “guest coverage” there are no “damages which might be payable under this policy,” and thus there is no duty to defend.
*152 The General Provisions and Exclusions — taken from the Sixth Edition — of the contract of insurance between Clerger and Commerce provide:
This section of the policy contains general provisions which unless otherwise noted, apply to all your coverages. It also describes sotne situations in which policy benefits will not be paid.
Also,
We have a right to defend any lawsuit brought against anyone covered under this policy . . . We also have a duty to defend any lawsuit. . . (emphasis added)
It is well settled that an insurance company’s duty to defend is broader than its duty to indemnify. Trustees of Tufts Univ. v. Commercial Union Ins., 415 Mass. 844, 847 (1993); Boston Symphony Orchestra v. Commercial Union Ins. Co., 406 Mass. 7, 12 (1989); Continental Casualty Co. v. Gilbane Bldg. Co., 391 Mass. 143, 146 (1984). In discerning when the duty to defend attaches, a court looks to the complaint to see whether the allegations contained therein “state or adumbrate a claim covered by the policy terms.” Continental Casualty Co. v. Gilbane Bldg. Co., supra and cases cited. Taking the complaint in this case as the predicate document, one can clearly see that Clerger’s negligence is at issue in the underlying suit.
In determining whether the contractual language of the policy, relative to defense, requires Commerce to defend, the court must ascertain “the fair meaning of the language used, as applied to the subject matter.” Of great importance in determining the fair meaning of the language is “the reasonable understanding of the average insured as to the scope of the insurer’s duty.” Aetna Casualty & Surety Co. v. Sullivan, 33 Mass.App.Ct. 154, 156 (1992). Just as in Aetna, the policy provisions here “make absolutely clear that [Commerce] has a duty to defend any lawsuit brought against the insured for damages which might be payable under the policy.” Id. at 157.
Accordingly, Commerce’s policy may be looked to for recovery. As the court wrote in Boston Symphony Orchestra, “[T]he obligation to defend is not, and cannot be, determined by reference to facts proven at trial.” 406 Mass. 7, 10. Further, the court wrote that, “an insured [may not] in the absence of a complaint that requires coverage, force its insured to defend ...” Id. at 15. When, as here, the complaint demonstrates the possibility that the coverage is implicated, a defense must be provided.
Underinsured/Uninsured Coverage
The statutory provision that governs underinsurance, which lies at the center of this dispute, is Mass.Gen.L. ch. 175, §113L. In Skinner v. Royal Insurance Co., 36 Mass.App.Ct. 532, the court had occasion to address the implications and logic behind the statute. In Skinner, the court distinguished earlier decisions that had denied coverage where a passenger sued the insurer of the car that he occupied.[2] About this apparent shift, the court wrote the following:
Rather, the purpose of the amended statute is to make uninsured motorist coverage available in some fashion to each person with a liability-based but uninsured claim ... In the case of the guest occupant without access to a policy of his own or that of a relative, the applicable policy is that covering the vehicle he occupied when injured.
Id. at 535. Factually, in Skinner a guest in a vehicle sought to recover payment under the uninsured motorist portion of the policy held by the owner of the car in which she was an occupant. Id. at 533. Pointing to the change in the statute, the Skinner court allowed recovery under the uninsured motorist provisions where the injured party did not have recourse to any other policy. Id.[3]
Although this case is factually analogous to Skinner, the court in that instance was faced solely with the question of indemnification. Here, the base issue is whether Commerce owes Clerger a defense in the underlying action by the City of Boston and the Juliens.
CONCLUSION
Commerce would have this court take too narrow a view of the duty to defend in this case in light of the clear expression in the General Provisions and Exclusions that the insured has “a duty to defend any lawsuit.” Thus, under the logic of Boston Symphony Orchestra, supra and Aetna v. Sullivan, supra and the rule announced in Skinner, supra, Clerger is entitled to a defense because the terms of the policy are implicated by the complaint in the underlying action.[4]
ORDER
For the foregoing reasons, Clerger’s Motion for Summary Judgment is ALLOWED and Commerce’s Cross Motion for Summary Judgment is DENIED.

 Apparently, the Juliens commenced a separate action against Clerger. However, that action was consolidated with the other suit.

 See, Liberty Mutual Ins. v. Lund, 403 Mass. 1006 (1988), and Nash v. Metropolitan Property and Liability Ins., 410 Mass. 1002 (1991), which held that a guest passenger could not obtain coverage under the under-insurance provisions of an owner’s policy.

 See also, DeMauro v. Hanover Ins. Co., 35 Mass.App.Ct. 932 (1993), where the court followed Skinner, highlighting the two-car distinction, while distinguishing the line of cases highlighted by Nash and Lund, supra.

 The court does not by this opinion render any judgment on the extent of liability as that is an issue that can only be resolved after a resolution in the underlying action.