Houston, J.
This is an action for failure to indemnify the plaintiff in an action arising from an automobile accident in which the plaintiffs vehicle collided with a Boston fire truck on December 3, 1992. The plaintiff had automobile insurance with Commerce Insurance at the time of the accident. In 1993, the plaintiff filed suit against the City of Boston in Middlesex Superior Court, and subsequently, the plaintiffs passengers sued the City of Boston in Suffolk Superior Court. Both cases were consolidated. Plaintiff then filed the instant suit against his insurance carriers for failure to provide a defense and/or indemnify him.
The plaintiff and Commerce Insurance moved for summary judgment in June of 1996 before Judge Grasso. The plaintiffs motion was allowed and the defendant’s motion was denied on September 25,1996 [6 Mass. L. Rptr. 151].
Commerce Insurance to date has failed to defend or indemnify the plaintiff as was adjudicated in the summary judgment opinion. Plaintiff now brings this motion for relief and sanctions for Commerce’s failure to comply with the summary judgment decision.
Commerce argues that Judge Grasso’s opinion never became a final judgment, since a separate document of judgment was never prepared. Commerce *668 wishes to appeal the summary judgment decision, but recognizes that an appeal is not possible without a final judgment. Thus, Commerce now moves for the entry of a separate and final judgment on the summary judgment opinion, which is opposed by the plaintiff.
DISCUSSION
These motions present an interesting issue— namely, when does an order for summary judgment become a final judgment ripe for appellate review? Mass.R.Civ.P. 58(a)(2) offers some guidance. The rule states that for any judgment to be effective, and thus final, two conditions must be met. First, there must be a separate document containing the judgment or a judge’s memorandum of decision which includes a specific order for the entry of judgment. Second, there must be an appropriate docket entry in accordance with Mass.R.Civ.P. 79(a).
Mass.R.Civ.P. 54(b) addresses the entiy of judgment where there has been an adjudication consisting of fewer than all the claims or parties in the action. In this situation, judgment becomes final when there is no reason for delay and there has been “an express direction for the entry of judgment.”
The usual process followed in the Superior Court is once there has been an adjudication of a claim, the clerk of the court prepares and files a separate judgment sheet which explicitly orders the relief in accordance with the judge’s decision. After this sheet is prepared, it is added to the docket in accordance with Mass.R.Civ.P. 79(a), and the judgment then becomes final. In situations involving a partial adjudication of a claim, the separate judgment sheet is usually prepared by the clerk after motion by one the parties in accordance with Rule 54(b). However, even if a party fails to move for the entry of final judgment, the judgment may still become final if the judge orders the clerk to enter judgment on the claim.
This situation was addressed by the Supreme Judicial Court in a case involving a judge’s findings of fact, rulings of law, and judgment in which its status as final was questioned. Lewis v. Emerson, 391 Mass. 517 (1984). In Lewis, the court held that the Rule 58 requirement of a separate document of judgment may be satisfied if in the judge’s memorandum of decision, the “ ‘judgment’ is visually distinct from other parts of the document in which it is contained.” Id. at 520. The court concluded that “it is not fair to prevent the parties’ exercise of their posttrial and appellate rights on the basis of clerical niceties.” Id.
Therefore, if in a judge’s memorandum of decision, the judge expressly orders the entry of judgment, the judgment becomes final as soon as the clerk makes the appropriate entry on the case docket. The order for entry of judgment, however, must be clear, explicit, and stand apart from the rest of the memorandum. Thus, for instance, a concluding sentence in an opinion saying merely “the complaint is dismissed” or “the motion is allowed” is not sufficient. Id.', see also Chittenden Trust Co. v. Levitt, 26 Mass.App.Ct. 208 (1988); Brown v. Quinn, 27 Mass.App.Ct. 288 (1989). Indeed, the language recognized in Lewis as satisfying the Rule 58 requirement was the specific words “[i]t is hereby ordered and adjudged.” Lewis, supra, at 519.
In the case at bar, a memorandum of decision and order on cross motions for summary judgment was produced by Judge Grasso on September 25, 1996. In that opinion, the plaintiffs motion was allowed and defendant’s motion was denied. Commerce Insurance was accordingly directed to defend the plaintiff in the underlying negligence action. An entry was made to the case docket sheet indicating the allowance and denial of the respective summary judgment motions. A separate judgment document was not prepared, but the order section of the judge’s memorandum was separate and distinct from the rest of the opinion. However, the exact language of the “order” in the memorandum was the following: “ ‘For the foregoing reasons, Clerger’s Motion for Summary Judgment is ALLOWED and Commerce’s Cross-Motion for Summary Judgment is DENIED.”
This language in the memorandum, standing alone, is not sufficient to satisfy the requirement that the order directing the entry of judgment be specific and express. This language is treated as a mere marginal notation indicating only that the motion was either allowed or denied. As discussed supra, marginal entries which merely state, for example, “the motion is allowed” are not sufficient and must be accompanied by a separate judgment document prepared by the clerk.
Thus, because in the case at bar, the judge failed to use express directive language, such as “it is hereby ordered that . . .” and since no separate judgment document was prepared, the September 25, 1996, opinion on the cross motions for summary judgment never became a final judgment.[1]
Since final judgment has not yet entered, the plaintiffs motion for relief and sanctions is premature. The defendant’s motion for a separate and final judgment is however appropriate and allowed.
ORDER
For the foregoing reasons, the court ORDERS that the plaintiffs motion for relief and sanctions is DENIED. The court further ORDERS that the defendant’s motion for separate and final judgment is ALLOWED.

 Although the court recognizes that the rights of a party to appellate relief should not be denied because of problems with form, the court also recognizes the need to adhere to the minimal requirements of Rule 58. See Chittenden Trust Co. v. Levitt, 26 Mass.App.Ct. 208, 211 (1988). Moreover, both the SJC and the Appeals Court urge that the better practice to avoid such misunderstandings and confusion is always to prepare and docket a separate document of judgment after an adjudication or the allowance of a motion, even though it may not always be needed. See, e.g., Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. 734, 739 (1994).