## JOSEPH CLERGER *vs.* COMMERCE INSURANCE COMPANY.

No. 97-P-1305.

Middlesex. September 11, 1998. - December 8, 1998.

Present: WARNER, C.J., PERRETTA, & LENK, JJ.

*Insurance,* Motor vehicle insurance, Uninsured motorist, Insurer's obligation to defend. *Practice, Civil,* Interlocutory appeal.

This court concluded that the availability of an uninsured motorist provision in an automobile insurance policy did not impose a duty upon the insurer to defend the policyholder in a suit, which was otherwise expressly outside the scope of the policy's coverage, brought by an injured occupant of the policyholder's automobile. [12-13]

General Laws c. 231, § 118, governing interlocutory appeals, is discretionary in nature and did not preclude a party appealing a grant of summary judgment from seeking entry of a final judgment under Mass.R.Civ.P. 54(b) and appealing therefrom. [13-14]

CIVIL ACTION commenced in the Superior Court Department on November 2, 1995.

The case was heard by *Joseph A. Grasso, Jr.,* J., on motions for summary judgment; a motion to amend the complaint was heard by *Martha B. Sosman,* J.; and entry of separate and final judgment was ordered by *Julian T. Houston,* J.

*Frank J. Ciano (Amy J. Rosengarten* with him) for the plaintiff.

*Peter A. Palmer (Brian J. Cann* with him) for the defendant.

WARNER, C.J. This case involves the question whether the "uninsured motorist" provision of an automobile insurance policy imposes a duty upon the insurer to defend the policyholder from suit by an injured passenger.

On December 3, 1992, the plaintiff, Joseph Clerger, was involved in an automobile accident with another motor vehicle in which two of Clerger's passengers were injured. The passengers filed suit against Clerger who, in turn, requested that his

insurer, the defendant, Commerce Insurance Company (Commerce), provide him with a defense to the passengers' suit. Commerce refused, citing to "Part 1. Bodily Injury to Others," of Clerger's automobile insurance policy, which states: "We will not pay: 1. For injuries to guest occupants of your auto."

Clerger filed suit against Commerce,[1] seeking a declaration that Commerce was obligated to provide him with a defense, as well as to reimburse him for accrued attorney's fees. Both parties moved for summary judgment, and, on September 25, 1996, a Superior Court judge allowed Clerger's motion. On Commerce's motion, final judgment for Clerger, pursuant to Mass.R. Civ.P. 54(b), 365 Mass. 821 (1974), was entered. Clerger appeals from the allowance of the 54(b) certification; in a cross-appeal, Commerce appeals from the judgment itself. We first consider the issues raised by Commerce.

1. *Commerce's appeal.* Commerce argues that the motion judge erred in granting Clerger's motion for summary judgment because there is no liability insurance coverage for guest occupants under the policy. "[W]hen the allegations in the underlying complaint lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate or defend the claimant." *Timpson* v. *Transamerica Ins. Co.*, 41 Mass. App. Ct. 344, 347 (1996), quoting from *Terrio* v. *McDonough*, 16 Mass. App. Ct. 163, 168 (1983). In this case, Clerger's policy expressly states that there will be no coverage for injuries to guest occupants of his vehicle.

Nonetheless, the plaintiff points to *Skinner* v. *Royal Ins. Co.*, 36 Mass. App. Ct. 532 (1994), as imposing a duty to defend. Under cases previous to *Skinner*, an injured passenger, despite the absence of recourse to any other insurance policy, could not recover under the uninsured motorist provision of the driver's policy. In those cases, it was held that "uninsured motorist protection is not additional liability insurance but rather is 'limited personal accident insurance chiefly for the benefit of the *named insured.*' *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 452 (1985) . . . ." *Liberty Mut. Ins. Co.* v. *Lund*, 403 Mass. 1006, 1007 (1988) (emphasis supplied). See *Freundlich* v. *Holyoke Mut. Ins. Co.*, 411 Mass. 1002 (1991).

In 1988, however, the Legislature added subsection (5) to

---

[1]Clerger also named Christopher Koskoras Insurance Company as a party; the motions and the 54(b) judgment do not pertain to it.

G. L. c. 175, § 113L, which provides, in pertinent part, that "[a]ny injured occupants who are not named insureds on a policy and who are not insured on a resident relative's policy may obtain uninsured motorist coverage from the named insured's policy covering the vehicle they occupy when injured." Thus, for insurance policies written after January 1, 1989, like the one in this case, injured passengers who do not have recourse to any other insurance policy may collect under the uninsured motorist provision of the driver's policy. See *Skinner*, 36 Mass. App. Ct. at 532.[2]

Clerger argues that, because he has no liability coverage for guest occupants of his vehicle, he is an uninsured motorist. Pointing to language in the policy that states that Commerce has "the right and duty to defend any lawsuit brought against anyone covered under this policy for damages, which might be payable under this policy," Clerger then reasons that, because the passengers may collect under the uninsured motorist provision, Commerce has a duty to defend him from the passengers' suit.

The flaw in Clerger's reasoning is that neither the amendment to § 113L nor *Skinner* expanded the rights of the named insured under the policy. The amendment served only to enable an injured passenger to collect directly from the driver's insurer. Clerger's theory is based on an erroneous premise that, should the passengers succeed in a suit against Clerger, Commerce must indemnify Clerger for any amounts due the passengers. Such is not the case. Rather, the passengers, *in addition to* a suit against Clerger, may also file a claim with Commerce for benefits under the uninsured motorist provision of Clerger's policy. Thus, the passengers' tort claim against Clerger is a separate action from any claim which they may choose to make under the uninsured motorist section of Clerger's policy. The availability of the uninsured motorist benefits does not trigger a duty to defend Clerger from suit by the passengers. See generally, concerning uninsured motorist benefits, *Goodman* v. *American Cas. Co.*, 419 Mass. 138, 141-142 (1994).

2. *Clerger's appeal.* Clerger's procedural arguments are without merit. He argues, among other things, that this court should not hear the defendant's appeal of the Superior Court's

---

[2]*Skinner* v. *Royal Ins. Co.*, 36 Mass. App. Ct. 532, 535 n.3 (1994), thoroughly explains the proper party from whom an injured person may seek uninsured motorist benefits.

order, since, he contends, the order was interlocutory, and the defendant was obligated to file an interlocutory appeal pursuant to G. L. c. 231, § 118. However, § 118 is entirely discretionary, both as to whether the aggrieved party may file the petition and as to whether the single justice must hear it or grant relief. See *Rollins Envtl. Servs., Inc.* v. *Superior Ct.*, 368 Mass. 174, 181 (1975). Section 118 does not preclude a party from seeking the entry of a final judgment under Mass.R.Civ.P. 54(b), and the defendant filed a timely appeal from that judgment. In view of our disposition of Commerce's appeal, any remaining issues raised by Clerger's appeal need not be addressed.[3]

The judgment entered pursuant to the order allowing summary judgment for Clerger is reversed. A new judgment shall enter granting the defendant's motion for summary judgment and declaring that Commerce has no duty to defend the plaintiff in a suit by a guest occupant of the plaintiff's auto.

*So ordered.*

---

[3]Clerger also complains of Commerce's failure to comply with the initial order in his favor that imposed a duty to defend on Commerce. The motion for sanctions on that ground was denied because a final judgment had not yet been entered. While we do not disagree with this disposition of the motion for sanctions, we do not condone Commerce's delay in seeking the 54(b) certification under the circumstances.