[No. 62349-0.    En Banc.    November 2, 1995.]

ROGER LEE SMITH, ET AL., *Respondents*, v.
CONTINENTAL CASUALTY COMPANY, *Defendant*, WEST
AMERICAN INSURANCE COMPANY, *Petitioner*.

74

*Heller, Rohrback,* by *Irene M. Hecht,* for petitioner.

*Campbell, Dille & Barnett,* by *Hollis H. Barnett,* for respondents.

SMITH, J. — Petitioner West American Insurance Company seeks review of a decision of the Court of Appeals, Division Two, which reversed a summary judgment in its favor by the Pierce County Superior Court based

upon the trial court's conclusion that Respondent Roger Lee Smith was not entitled to coverage under a policy with an underinsured motorist coverage endorsement issued by Petitioner to Respondent's employer. We reverse.

## QUESTION PRESENTED

The question presented in this case is whether an endorsement in an insurance policy which added the lessor of a vehicle as an "additional insured (lessor)" provided underinsured motorist coverage to the lessor, an employee of the lessee, while operating another vehicle not designated for coverage under the policy.

## STATEMENT OF FACTS

Respondent Roger Lee Smith is the sole proprietor of Big Rig Repair & Leasing (Big Rig), which leased its 1978 GMC tow truck to Respondent's father, Claude Smith, for use in his business, Smitty's Fleet Service. His father then hired Respondent to operate the tow truck.

Petitioner West American Insurance Company issued a garage policy to "Claude Smith, d/b/a Smitty's Fleet Service," which included $1 million in underinsured motorist (UIM) coverage. Claude Smith obtained additional insurance from West American when he leased the tow truck from his son. It was added to his schedule of "covered autos."[1] An endorsement was issued, effective May 15, 1990, for "Additional Insured-Lessor," which designated Big Rig Repair & Leasing as an "Additional Insured (Lessor)," and the 1978 GMC tow truck as a "leased auto."[2] It provided that:

> Any "leased auto" designated or described in the Schedule or in the Declarations will be considered a covered "auto" you own and not a covered "auto" you hire or borrow. for [sic] a covered "auto" that is a "leased auto" WHO IS AN

[1]Clerk's Papers at 16.

[2]Clerk's Papers at 48.

INSURED is changed to include as an "insured" the lessor named in the Schedule or in the Declarations.[3]

Another endorsement, for "Hired Autos Specified as Covered Autos You Own," states that:

The following is added to WHO IS AN INSURED:

While any covered "auto" described in the Schedule or in the Declarations is rented or leased to you and is being used by or for you, its owner or anyone else from whom you rent or lease it is an "insured" but only for that covered "auto."[4]

As an employee of Smitty's Fleet Service, Respondent Roger Lee Smith on May 26, 1990, drove the 1978 GMC tow truck on a call to pull a farmer's truck from a muddy field. After Respondent completed the task, one of the farmer's employees, Phil Hill, asked him for his personal assistance in driving Mr. Hill's van from a nearby location. Leaving the tow truck, Respondent accompanied Mr. Hill to his van and, following Mr. Hill, who was driving another vehicle, began driving the van back to the farm.

While Respondent Smith was driving the van, an approaching automobile crossed the center line and struck the van head-on, seriously injuring Respondent. The driver of the other vehicle was killed. That driver did not have liability insurance.

Respondent Smith was insured under his own name with Continental Casualty Company, which provided $500,000 in underinsured motorist coverage. He brought suit against Continental and West American to compel arbitration.[5] West American answered and filed a counterclaim seeking declaratory judgment that its policy did not cover Respondent.

Respondent and West American filed cross-motions for

---

[3]Clerk's Papers at 49.

[4]Clerk's Papers at 36.

[5]Continental Casualty Company conceded coverage and is not a party to this appeal.

summary judgment. On January 6, 1992, the Pierce County Superior Court, the Honorable Waldo F. Stone, granted summary judgment in favor of West American. On September 6, 1994, the Court of Appeals, Division Two, reversed that ruling in an unpublished opinion, granting summary judgment to Respondent and awarding him attorney fees. We granted review on February 8, 1995.

## DISCUSSION

Petitioner West American contends the court of appeals erred in reversing the summary judgment granted by the trial court in its favor. It claims Respondent Roger Lee Smith was not covered for this accident under the underinsured motorist provisions of the policy it issued to Claude Smith, doing business as Smitty's Fleet Service, because at the time of the accident Respondent was not driving the 1978 GMC tow truck designated as the "leased auto" under the policy endorsement.

A motion for summary judgment may be granted if the trial court finds there is no genuine issue as to a material fact. The moving party is then entitled to judgment as a matter of law.[6] The reviewing court stands in the position of the trial court and reviews questions of law de novo.[7]

Interpretation of an insurance policy involves a question of law.[8] The policy should be sensibly construed as it would be understood by the average person.[9] Undefined terms are given their plain, ordinary and popular

---

[6]*Mutual of Enumclaw Ins. Co. v. Jerome*, 122 Wn.2d 157, 160, 856 P.2d 1095 (1993).

[7]*Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

[8]*Weyerhaeuser Co. v. Aetna Casualty & Sur. Co.*, 123 Wn.2d 891, 897, 874 P.2d 142 (1994).

[9]*Id.*

meanings.[10] Any ambiguities remaining after consideration of extrinsic evidence are resolved in favor of the insured.[11]

### WHO IS AN INSURED

The court of appeals concluded that, although Respondent Smith was driving a vehicle not designated in the endorsement, he was entitled to underinsured motorist coverage under the policy issued to Claude Smith and Smitty's Fleet Service by West American. For its conclusion, the court of appeals relied upon the UIM provision "which implies that the insured's bodily injury must simply be caused by an 'accident' involving the underinsured driver's vehicle but not necessarily the insured's vehicle."[12] The court properly noted that underinsured motorist coverage is provided the named insured without regard to the particular vehicle the "insured" occupies at the time of an accident.[13]

The named insured under the West American policy is Claude Smith, doing business as Smitty's Fleet Service, and not Respondent Roger Lee Smith.[14] The West American policy defines an "insured" under the endorsement for underinsured motorist coverage.

B. WHO IS AN INSURED

1. You.

2. If you are an individual, any "family member."

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

---

[10]*Jerome*, 122 Wn.2d at 160-61.

[11]*Weyerhaeuser*, 123 Wn.2d at 897; *Jerome*, 122 Wn.2d at 161.

[12]*Smith v. Continental Casualty Co. and West Am. Ins. Co.*, No. 15701-2-II, slip op. at 8 (Wash. App. Sept. 6, 1994).

[13]*See* Clerk's Papers at 40.

[14]Roger Lee Smith claims coverage under the "Additional Insured—Lessor" endorsement of the policy as sole proprietor of Big Rig Repair & Leasing, owner of the 1978 GMC tow truck.

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".[15]

Respondent does not qualify under subsections (1) or (2) because he is not the named insured nor a "family member" as that term is defined in the policy.[16] Subsections (3) and (4) are not applicable under the facts of this case. The declarations page of the policy identifies "covered autos" for purposes of the underinsured motorist coverage by reference to symbol number 22, which refers to "owned autos only."[17] At the time of the accident, Respondent was driving a vehicle owned by a third party, Phil Hill, and not owned by him or his employer, Claude Smith, doing business as Smitty's Fleet Service. He does not therefore qualify for coverage under the underinsured motorist provision in the West American policy.

### ADDITIONAL INSURED

█ Respondent Roger Lee Smith claims policy coverage as sole proprietor of Big Rig Repair & Leasing, designated under the West American policy endorsement as "Additional Insured (Lessor)." The court of appeals concluded the endorsement is ambiguous and should be construed to provide coverage to Respondent.

In interpreting the language of an insurance policy, the court must look at the contract as a whole to give force and effect to each clause.[18] Section A of the "Additional Insured—Lessor" endorsement provides that the desig-

---

[15]Clerk's Papers at 40.

[16]"Family member" is defined by the policy as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." Clerk's Papers at 41. While Respondent Roger Lee Smith is the son of the named insured, Claude Smith, they do not reside in the same household. Nor has Respondent made any claim that he comes within the definition of "family member."

[17]Clerk's Papers at 15, 104.

[18]*Transcontinental Ins. Co. v. Washington Pub. Util. Dists.' Util. Sys.*, 111 Wn.2d 452, 456, 760 P.2d 337 (1988).

nated "leased auto" will be treated as a "covered auto" under the policy. This does not expand coverage to additional insureds, but only the coverage available to Claude Smith on the leased vehicle, the 1978 GMC tow truck leased from Respondent Roger Lee Smith. Also, section A states that coverage as an "insured" is extended to the lessor only for a "covered auto" that is a "leased auto." This intent becomes clearer when other policy provisions are considered. In section B, the policy provides the insurer "will pay [the insured] and the lessor named in this endorsement for 'loss' to a 'leased auto,' as interest may appear."[19] The "Hired Autos" endorsement provides that "[w]hile any covered 'auto' described in the Schedule or in the Declarations is rented or leased to [the insured] and is being used by or for [the insured], its owner or anyone else from whom [the insured] rent[s] or lease[s] it is an 'insured' but only for that covered 'auto'."[20] There is no ambiguity in the policy provisions. West American's interpretation of the policy is fully supported by its plain language.

■ An ambiguity exists in an insurance contract if the language is fairly susceptible to two reasonable interpretations.[21] The court of appeals concluded that section A is ambiguous because "it is possible—we believe even preferable—to read the endorsement to mean that the endorsement provides coverage for the 'leased auto,' the GMC tow truck, and the 'insured-lessor' (Roger Smith, d/b/a Big Rig Repair and Leasing)."[22] This interpretation suggests that Respondent Roger Lee Smith as "additional insured (lessor)" is covered as an insured for any accident he is involved in with an underinsured motorist, regardless of the vehicle Respondent was occupying at the time. This is

---

[19]Clerk's Papers at 49.

[20]Clerk's Papers at 36.

[21]*American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874, 854 P.2d 622 (1993), *opinion supplemented*, 123 Wn.2d 131, 865 P.2d 507 (1994).

[22]*Smith*, (No. 15701-2-II), slip op. at 7-8.

not a reasonable interpretation. The endorsement provision is not fairly susceptible of two reasonable interpretations.

■ ■ The court of appeals stated that "[t]he endorsement's lack of clarity is due to an apparent typographical error in section A; if the word 'for' had been capitalized, the meaning would more clearly favor Smith."[23] This does not necessarily follow. An insurance contract should not be given a strained interpretation that would render it ineffective.[24] If policy language is clear, a court must construe it as written and may not create an ambiguity where none exists.[25]

While the word "for" should have been capitalized because it begins a sentence, the use of a lowercase "f" in no manner changes the sentence or the meaning of the language. As written, it reads (following a period at the end of the preceding sentence), "for a covered 'auto' that is a 'leased auto' WHO IS AN INSURED is changed to include as an 'insured' the lessor named in the Schedule or in the Declarations."[26] The typographical error is insignificant and creates no ambiguity. No reading of the sentence would "more clearly favor" Respondent Smith.

■ Respondent Roger Lee Smith argues that the public policy expressed in the underinsured motorist statute, RCW 48.22.030,[27] prohibits his exclusion from coverage as

---

[23]*Smith*, (No. 15701-2-II), slip op. at 8.

[24]*E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986).

[25]*Transcontinental*, 111 Wn.2d at 456.

[26]Clerk's Papers at 49.

[27]RCW 48.22.030 provides in relevant part:

"No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who

additional insured. The public policy underlying UIM coverage is to allow the insured to recover those damages the insured would have been able to recover from the responsible party if that party had maintained liability insurance.[28] The statute "does not mandate any particular scope for the definition of who is an insured in a particular automobile insurance policy."[29]

This Court has recognized that, as a private contractor, the insurer may place limitations on certain policy provisions without violating a statute or public policy.[30] "An insurer is free to limit its risks by excluding coverage when the nature of its risk is altered by factors not contemplated by it in computing premiums. . . ."[31]

In reading the insurance contract as a whole, it becomes obvious it was not intended to place upon the insurer responsibility for loss unrelated to use of the leased vehicle by the additional insured (Respondent), whose injury arose out of his driving a vehicle not covered by the endorsement. Respondent was protected for underinsured motorist coverage under his own policy with Continental Casualty Company. That is not an issue in this case. He is not entitled to that same protection as "additional insured" under the policy with West American issued to his employer, Claude Smith, doing business as Smitty's Fleet Service, and lessee of Respondent's 1978 GMC tow truck.

▮ Underinsured motorist protection is "limited personal accident insurance chiefly for the benefit of the

are legally entitled to recover damages from owners or operators of underinsured motor vehicles. . . ."

[28]*Finney v. Farmers Ins. Co.*, 92 Wn.2d 748, 751, 600 P.2d 1272 (1979).

[29]*Farmers Ins. Co. v. Miller*, 87 Wn.2d 70, 75, 549 P.2d 9 (1976).

[30]*Mutual of Enumclaw v. Wiscomb*, 97 Wn.2d 203, 210, 643 P.2d 441 (1982).

[31]*Id.* at 209.

named insured."[32] It is consistent with that purpose to deny coverage to Respondent who was injured while driving a vehicle not covered under the West American policy issued to his employer.

## SUMMARY AND CONCLUSIONS

An insurance contract is construed as it would be understood by an average person. A contract provision is ambiguous only if it is fairly susceptible of more than one reasonable interpretation. If it is not ambiguous, the court must construe it as written, giving effect to each clause.

Respondent Roger Lee Smith is not the named insured under the policy issued to Claude Smith, doing business as Smitty's Fleet Service, by Petitioner West American Insurance Company. An endorsement to the policy identifies Respondent's sole proprietorship, Big Rig Repair & Leasing, as an "additional insured (lessor)," and the GMC tow truck he leased to Claude Smith as a "designated auto."

The endorsement also contains a sentence stating that "for a covered 'auto' that is a 'leased auto,'" definition of an "insured" includes the lessor named in the Schedule or in the Declarations. The word "for" was not capitalized even though it was the beginning of a sentence. But that insignificant typographical error does not result in ambiguity. The insurance contract unequivocally restricts underinsured motorist coverage for the additional insured to accidents involving the designated leased vehicle. The conclusion of the court of appeals—that Respondent Smith was entitled to UIM coverage under the West American policy while driving a vehicle not designated in the policy endorsement—is not a reasonable one.

We reverse the decision of the court of appeals which reversed an order of the Pierce County Superior Court granting summary judgment in favor of Petitioner West American Insurance Company based upon the trial court's

---

[32]*Grange Ins. Ass'n v. Great Am. Ins. Co.*, 89 Wn.2d 710, 718, 575 P.2d 235 (1978) (quoting *Motorists Mut. Ins. Co. v. Bittler*, 14 Ohio Misc. 23, 33, 235 N.E.2d 745 (1968)).

determination that, under the facts of this case, Respondent Roger Lee Smith was not entitled to underinsured motorist coverage under the policy issued by Petitioner to Respondent's employer, Claude Smith, doing business as Smitty's Fleet Service, and lessee of Respondent's 1978 GMC tow truck.

DURHAM, C.J., and DOLLIVER, GUY, JOHNSON, MADSEN, TALMADGE, and PEKELIS, JJ., concur.

Reconsideration denied December 20, 1995.

[No. 62486-1.   En Banc.   November 2, 1995.]
THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT
LEE AGER, ET AL., *Respondents*.