**PROGRESSIVE PREFERRED INSURANCE COMPANY, an Ohio Corporation; Progressive American Insurance Company, a Florida Corporation, Plaintiffs–Appellants,**

v.

**Matthew G. SEPPALA; Melinda M. Seppala, husband and wife, Defendants–Appellees.**

No. 05–36015.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2007.

Filed Aug. 17, 2007.

Jerret E. Sale, Esq., Deborah L. Carstens, Bullivant Houser Bailey, PC, Seattle, WA, Douglas F. Foley, Esq., Foley & Buxman, PLLC, Vancouver, WA, for Plaintiffs–Appellants.

Gregory E. Price, Esq., Laurence R. Wagner, Esq., Baumgartner Nelson & Price PLLC, Vancouver, WA, for Defendants–Appellees.

Before: CANBY, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Progressive Preferred Insurance Company and Progressive American Insurance Company (collectively, "Progressive") appeal from the district court's summary judgment in favor of Matthew and Melinda Seppala. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment, *see Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir.2002), and we reverse. Because the facts of this case are familiar to the parties, we recite them here only to the extent necessary to explain our decision.

The anti-stacking clause in Progressive's insurance policies is subject to Washington law regarding the interpretation of contracts. *See Quadrant Corp. v. Am. States Ins. Co.*, 154 Wash.2d 165, 110 P.3d 733, 737 (2005) (en banc). The policy language should be given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* (internal quotation marks and citations omitted). If the language is clear and unambiguous, it must be enforced as written. *Id.* If, on the other hand, the language is fairly susceptible to two reasonable interpretations, it is ambiguous and should be construed against the insurer and in favor of the insured, even though the insurer may have intended another meaning. *See id.*

We agree with the district court that, although the Seppalas' policies were issued by distinct legal entities, Progressive American Insurance Company and Progressive Preferred Insurance Company, that fact is not necessarily apparent to the average reader of the policies. The policies' definitions sections provide that " 'We,' 'Us,' and 'Our' mean the company

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

providing the insurance, as shown on the Declarations Page." The word "Progressive" is displayed prominently on the top of each policy's Declarations Page in large, italicized, bold, all-capital letters. Farther down the page appear the words "Progressive Preferred Insurance Company" (in the automobile policy) and "Progressive American Insurance Company" (in the motor home policy) in smaller, non-bolded font. The Declarations Pages do not specify which of the two names listed on each page is the name of the company issuing the policy. Therefore, the policies could reasonably be understood to have been issued either by "Progressive," the name displayed most prominently on the Declarations Page, or by the other entity whose name also appears on the page.

This conclusion does not carry the day for the Seppalas, however. Even if the average reader would understand that both of the Seppalas' policies were issued by a single "Progressive," the anti-stacking clause in those policies is capable of only one reasonable interpretation. The clause states that the amount of benefits recoverable "from all sources by an insured person shall not exceed the amount provided by the one policy with the highest limit of liability." This language provides unambiguously that the Seppalas may only recover the maximum benefits available under *one policy*, not from one insurer. That both of the Seppalas' policies may appear to have been issued by one insurer does not render ambiguous the anti-stacking clause. *See Parker v. United Servs. Auto. Assocs.*, 97 Wash.App. 528, 984 P.2d 458, 459–61 (1999) (holding that provision

that insured may recover only "highest applicable limit of liability under any one policy," when individual was covered by two policies from the same insurer, was unambiguous).[1] We therefore conclude that the policy language should be enforced as written, *see Quadrant*, 110 P.3d at 737, and that the Seppalas are entitled to recover from Progressive a maximum total of $500,000 in underinsured benefits. We accordingly reverse the district court's summary judgment in favor of the Seppalas, and remand with instructions to enter summary judgment in favor of Progressive.

**REVERSED and REMANDED.**

---

1. The limitation to the maximum coverage available under one *policy*, which *Parker* holds to be unambiguous, is what differentiates this case from *Hawn v. State Farm Mutual Automobile Insurance Co.*, 768 F.Supp. 293 (E.D.Wash.1991), and *State Farm Mutual Automobile Insurance Co. v. Johnson*, 72 Wash.

App. 580, 871 P.2d 1066 (1994), on which the Seppalas rely.

