

IN THE COURT OF APPEAL OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANTHONY VASQUEZ, individually, | ) | No. 67702-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| AMERICAN FIRE AND CASUALTY | ) | |
| COMPANY, an Ohio corporation, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: March 18, 2013 |
| | ) | |

BECKER, J. — Anthony Vasquez, the president of Benchmark Construction, was injured when he was struck by an underinsured motorist while walking in a crosswalk on personal business. Vasquez made a claim for underinsured motorist (UIM) coverage under the business auto policy American Fire and Casualty Company issued to Benchmark. He had no other auto insurance. We affirm the summary judgment dismissal of his claim for UIM benefits. Vasquez was not a named insured under the policy and was not using a covered vehicle when he was injured.

Anthony Vasquez is the president, majority owner, and an employee of Benchmark Underground Construction Inc. Vasquez was hit by an underinsured

motorist on September 15, 2008, while he was walking in a marked crosswalk on personal business. He was seriously injured.

Before the accident, Vasquez had purchased a package of commercial insurance policies for Benchmark, including a business automobile policy. Benchmark, but not Vasquez personally, was the insured entity named in the declarations of the business auto policy. The policy covered seven vehicles, two of which were trailers. Among the covered vehicles listed in the policy was a 2007 Ford pickup that Vasquez bought and registered in his own name. Vasquez used the pickup both for work and for his personal affairs.

Vasquez did not have an auto liability policy in which he was the named insured. He was specifically excluded from his wife's automobile policy. According to Vasquez, this was because he rarely drove his wife's car and he believed he had full coverage under Benchmark's business auto policy with American Fire.

Through Benchmark, Vasquez paid a total of $5,682 in premiums for the business auto policy for the period of December 1, 2007, to December 1, 2008. The policy provided liability coverage for five employees of Benchmark, including Vasquez. The premiums paid included a charge for "underinsured motorist bodily injury" coverage at the rate of $95 each for five of the seven covered vehicles, including the Ford pickup. The premium payments also included a charge of $49 for "non-ownership liability coverage." Vasquez sought UIM

benefits under the business policy. American Fire denied his claim. Vasquez sued for declaratory relief. On cross motions for summary judgment, the court determined that the policy did not cover Vasquez for injuries suffered as a pedestrian. Vasquez appeals.

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Clements v. Travelers Indem. Co., 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). The interpretation of insurance policy language is a question of law, reviewed de novo. Butzberger v. Foster, 151 Wn.2d 396, 401, 89 P.3d 689 (2004). An insurer issuing liability coverage "with respect to any motor vehicle registered or principally garaged in this state" must provide UIM coverage "for the protection of persons insured thereunder who are legally entitled to recover damages." RCW 48.22.030(2). Because the UIM statute is to be liberally construed, Washington courts will void "any provision in an insurance policy which is inconsistent with the statute, which is not authorized by the statute, or which thwarts the broad purpose of the statute." Clements, 121 Wn.2d at 251. The statute is read into and becomes part of the contract of insurance, overriding exclusionary language in the policy that would narrow UIM coverage below what the statute requires. Clements, 121 Wn.2d at 251.

Under the plain language of RCW 48.22.030, once it is determined that a person is an insured under the liability section of the policy, that person is also

entitled to uninsured motorist coverage. Federated Am. Ins. Co. v. Raynes, 88 Wn.2d 439, 444, 563 P.2d 815 (1977). And this is true "whatever her activity may have been when she was injured by an underinsured motorist." Kowal v. Grange Ins. Ass'n, 110 Wn.2d 239, 245, 751 P.2d 306 (1988). Such coverage has been referred to as "rocking chair" coverage because the insured need not be occupying or using a particular vehicle to be eligible for it:

> [U]ninsured motorists coverage [is] applicable if, at the time of sustaining injury . . . a named insured, was occupying the Ford described in his policy, or was on foot, or on horseback, or while sitting in his rocking chair on his front porch or while occupying a nonowned automobile furnished for his regular use . . . This so-called uninsured protection is limited personal accident insurance chiefly for the benefit of the named insured.

Motorists Mut. Ins. Co. v. Bittler, 14 Ohio Misc. 23, 32-33, 235 N.E.2d 745 (1968), quoted in Grange Ins. Ass'n v. Great Am. Ins. Co., 89 Wn.2d 710, 718, 575 P.2d 235 (1978).

In Raynes, Kowal, Grange Insurance, and Bittler, the injured person was a named insured. Vasquez contends that even though he was not named in person as an insured, he was similarly entitled to unrestricted "rocking chair" coverage because the policy did provide him with liability coverage in certain situations.

The liability coverage section of the "Business Auto Coverage Form" designates Benchmark ("You") as the named insured. It then designates other persons as "insureds" in specified circumstances:

4

## 1. Who is An Insured

The following are "insureds":

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

. . . .

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

An endorsement to the business auto policy, the "Master Pak for Commercial Automobile," expands the "Who Is An Insured" section of liability coverage to add: "Any employee of yours while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs."

American Fire agrees that under these provisions, Vasquez had liability coverage as an employee when he was using a covered vehicle on Benchmark business. And under 1(c), he would be covered in a situation where, perhaps as a construction supervisor, he became liable for the conduct of someone else insured under the policy. In these situations, he would belong in the statutory category of "persons insured thereunder," RCW 48.22.030(2), even though he was not a named insured, and therefore he would have been entitled to UIM coverage. Rau v. Liberty Mut. Ins. Co., 21 Wn. App. 326, 331, 585 P.2d 157 (1978) (claimant, though not the named insured, was using the insured truck with

5

the owner's permission at the time of the accident; because this made him an "insured" for liability purposes, he was also entitled to UIM coverage), abrogated in part on other grounds by Butzberger, 150 Wn.2d 396.

At the time of the accident, Vasquez was a pedestrian in a crosswalk. He was not using a covered auto, and he had not become liable for the conduct of anyone else insured under the policy. Accordingly, American Fire contends Vasquez was not covered for liability at the time of the accident, and as a result did not have UIM coverage.

Vasquez contends that RCW 48.22.030 does not permit insurers to deny UIM coverage on the basis of restrictions contained in the liability provisions of the policy. He cites Tissell By & Through Cayce v. Liberty Mutual Insurance Co., 115 Wn.2d 107, 111, 795 P.2d 126 (1990). Tissell involved a personal automobile policy. The accident victim, a family member, was covered as a named insured. The court held that the statute would not permit the insurer to deny UIM coverage based on a liability coverage exclusion. The victim was "the purchaser" of the policy and "could not have purchased UIM coverage elsewhere." Tissell, 115 Wn.2d at 111. Vasquez argues that he, as the "de facto" purchaser of the Benchmark policy, likewise was entitled to unrestricted UIM coverage. But unlike the claimant in Tissell, Vasquez was not a named insured. And what he purchased was a business policy, not a personal policy as in Tissell. Tissell does not require an insurer to treat unnamed employees of a

6

business as named insureds.

In essence, Vasquez proposes that an employee who is covered for liability under a business policy only in limited circumstances is entitled to UIM coverage for any injury caused by an underinsured motorist in any circumstances. We disagree. The limiting phrases "while using" and "only to the extent of" are effective. They make Vasquez an "insured" under the liability portion of the policy only when the activity he was engaging in at the time of the injury fits within those limitations. See Tedeton v. Simpson, 39,940 (La. App. 2 Cir. 8/22/01); 795 So. 2d 451, 455 (noting that liability coverage is generally extended to employees only under certain defined circumstances, and declining to "make the leap from an insured for specific circumstances to an insured in all circumstances for purposes of UM coverage"), writ denied, 803 So. 2d 977 (12/13/01).

Underinsured motorist coverage is limited personal accident insurance chiefly for the benefit of the named insured. Limiting the scope of the definition of who else is an "insured" does not run afoul of the public policy behind Washington's UIM statute. Smith v. Continental Cas. Co., 128 Wn.2d 73, 83, 904 P.2d 749 (1995); see also Blackburn v. Safeco Ins. Co., 115 Wn.2d 82, 88-89, 794 P.2d 1259 (1990).

In Smith, the UIM claimant, Roger Smith, was the sole proprietor of a company that owned a tow truck. As the result of an endorsement to his father's

7

garage policy for an "Additional Insured-Lessor," the tow truck was designated as a leased auto under that policy and its lessor became an additional insured. Under a "Hired Autos" endorsement that augmented the definition of "Who is an Insured" in the same policy, the truck's owner became an insured covered for liability, but only for that truck, and only when the truck was being leased by and used for Smith's father's business. Smith, 128 Wn.2d at 76-77. At the time he was injured, Smith had finished using the tow truck and was driving a van owned by a third party. The court's first holding was that because the van was not a covered auto, Smith did not qualify for coverage under the UIM section of the policy; he was not a named insured. Smith, 128 Wn.2d at 79-80. The second holding, significant to our analysis in this case, addressed Smith's claim that he had liability coverage as an additional insured-lessor. The court held it was not reasonable to interpret the policy as providing UIM coverage to Smith when he was not using a covered vehicle. Smith, 128 Wn.2d at 81-82.

> In reading the insurance contract as a whole, it becomes obvious it was not intended to place upon the insurer responsibility for loss unrelated to use of the leased vehicle by the additional insured (Respondent), whose injury arose out of his driving a vehicle not covered by the endorsement.

Smith, 128 Wn.2d at 83.

Similarly here, the Benchmark policy was not intended to place upon the insurer responsibility for loss unrelated to use of a covered auto. Adopting the interpretation Vasquez advocates would make the business auto policy a

8

personal policy for all employees.

Vasquez alternatively argues that he actually is a named insured by virtue of a Hired Autos endorsement included in the American Fire policy. The endorsement states that any auto described in the declarations "will be considered a covered 'auto' you own and not a covered 'auto' you hire, borrow or lease under the coverage for which it is a covered 'auto.'" Vasquez reasons as follows: (1) In the business auto policy, "You" refers to the named insured; (2) the endorsement converts the Ford pickup into a vehicle "You" own; (3) Vasquez is the legal owner of the Ford pickup; (4) therefore, the meaning of "You" has been expanded to include Vasquez. This is an illogical interpretation of the policy language. If for insurance purposes a car I own is treated as if it belongs to you, it does not follow that I am you.

American Fire paid Vasquez's medical expenses. The "auto medical payments" form, an endorsement that modified the business auto coverage form and several other coverage forms, defined an insured as "You . . . while a pedestrian, when struck by any 'auto.'" Vasquez contends that the payment of his medical expenses under this coverage supports his claim that he is a named insured "You" under the business auto coverage. We find this argument unpersuasive. As evidence of contractual intent, the payment of medical expenses is too weak to support an inference that Vasquez was a named insured for liability coverage.

9

In summary, Vasquez was not a named insured. And he was not insured under the liability portion of the policy under the circumstances of the accident. Therefore, he was not entitled to UIM coverage.

Affirmed. As respondent is the prevailing party, its request for costs under RAP 14.3 is granted.

Becker, J.

WE CONCUR: